# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# DOCKET NO. 1:16-CV-00258-MR

| | |
|---|---|
| LANGDON M. COOPER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **OPINION** |
| THERESA JO CROW, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Notice of Appeal of Langdon M. Cooper ("Trustee"), Trustee in Bankruptcy for Teresa Jo Crow ("Debtor"). [Doc. 1].

**I.    INTRODUCTION**

Eight months after filing her voluntary bankruptcy petition and before the case was closed, the Debtor moved to amend her schedules to claim an exemption in an individual retirement account (IRA) that had been omitted from her original petition. The Trustee opposed this amendment, arguing that the Debtor failed to show the change in circumstances required under North Carolina law for modifications of exemptions, N.C. Gen. Stat. § 1C-1603(g). The Bankruptcy Court concluded that the IRA was exempt under

1

N.C. Gen. Stat. § 1C-1601(a)(9) and that any waiver of that exemption resulting from its omission from the original schedule was the result of mistake forgivable under N.C. Gen. Stat. § 1C-1601(c)(3). Based thereon, the Bankruptcy Court conditionally allowed Debtor's motion to amend schedules to claim the retirement account as exempt. [B Doc. 95].[1,2] From that Order, the Trustee appeals.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2013, the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of North Carolina. [B Doc. 1]. Because of the nature and extent of the Debtor's assets, her case required considerably more preparation than a typical consumer case. [B Doc. 95 at 2; see B Doc. 118 at 27-8]. Long before her bankruptcy, the Debtor's late husband and late father established several companies, including a real estate company, a construction company, and a holding company. On their deaths, the Debtor was left as partial owner and manager of these ventures,

---

[1] Citations to the record in Bankruptcy Court, Case No. 13-20029, have the prefix letter "B" before the document number referenced in the Docket Sheet. Citations without such prefix are to the record in this Court, Civil Case No. 1:16-cv-00258.

[2] The Order was conditional insofar as it required the Debtor to reimburse the Trustee for the amount of time and expense he incurred in "ascertaining the existence and nature" of the retirement account. [B Doc. 95 at 15].

2

from which she held a few parcels of real property, assets related to the companies, and rights appurtenant thereto. [B Doc. 95 at 2]. Her petition shows ownership interests in twelve parcels of real property, a revocable trust, eight vehicles, and three corporations. [B Doc. 1 at 8-12]. During the economic downturn, the Debtor, with the Estate of Robert Steven Crowe, the Robert Steven Crowe Revocable Trust, and the real estate holding company, borrowed what was alleged to be over $4.7 million from Branch Banking and Trust Company, secured by a number of parcels of real property. [B Doc. 95 at 2]. The Debtor had an ownership interest in at least some of these parcels. Those loans were sold to Gibraltar BB2, LLC ("Gibraltar"). In June 2012, Gibraltar brought an action in state court seeking to collect on the loans. [Id.; B Doc. 118 at 11].

Facing the action by Gibraltar, the Debtor began investigating the possibility of bankruptcy. After consulting several attorneys from various parts of the State, the Debtor was encouraged, for the sake of convenience, to find representation near the Bryson City Division of the Bankruptcy Court. The Debtor engaged Edward Hay ("Hay"), a certified bankruptcy law specialist in Asheville, North Carolina. [B Doc. 95 at 2-3; B Doc. 118 at 12-13]. The Debtor advised Hay that her primary concerns were to save her home and protect her retirement account. Before filing the petition, the

Debtor provided Hay with numerous documents related to her business and real estate holdings and her personal finances, including her retirement account statements. Hay, in turn, recommended she file a Chapter 13 bankruptcy and prepared a petition and schedules. [B Doc. 95 at 3]. He filed the Debtor's Chapter 13 petition on February 22, 2013. [See B Doc. 1].

Hay's efforts were focused primarily on accurately scheduling and valuing all of the Debtor's numerous real estate holdings and sorting through the various, interconnected business interests, as those assets would determine what was required in the bankruptcy case. [B Doc. 95 at 3]. It was clear from the beginning that the Debtor's retirement account would be wholly exempt and had nothing to do with the claims in the bankruptcy estate or the assets available to pay these claims. As a result, it was inadvertently omitted from the schedules. [Id.; B Doc. 118 at 27-28]. At the hearing, Hay testified the omission was not the Debtor's fault and was an innocent mistake. [B Doc. 118 at 30]. Shortly after the petition was filed, Gibraltar objected to confirmation of the Chapter 13 plan and sought to dismiss the case, arguing that the Debtor was over the debt limits imposed by 11 U.S.C. § 109(e). The Debtor, in turn, converted the case to Chapter 7 on April 12, 2013. [B Doc. 95 at 3].

Due to the complexity of the case, the Trustee met with the Debtor and Hay at Hay's office on May 7, 2013, which was prior to the first meeting of creditors. [B Doc. 118 at 38]. The Debtor contends the Trustee learned of the existence of the retirement account at this May 7, 2013 meeting. [B Doc. 95 at 3; B Doc. 118 at 13-14]. The Debtor testified she and the Trustee specifically discussed her relationship with financial planner Ronald Blue and Company ("Ronald Blue"), which managed her retirement account, and gave the Trustee account statements. [B Doc. 118 at 13-14, 26]. The Trustee admits that he discussed Ronald Blue with the Debtor but denies that he was told about the retirement account or given any statements at that meeting. [B Doc. 118 at 38-39].

The first meeting of creditors was held on May 29, 2013. [B Doc. 118 at 39]. The Debtor testified under oath that her petition was accurate and complete at this meeting. [Id.]. In order to facilitate his review of the case and inspection of the Debtor's business holdings, the Trustee planned a meeting with the Debtor on July 24, 2013. Two days before the meeting, the Trustee and his paralegal reviewed the financial records the Trustee had in his possession related to the Debtor's bankruptcy. In documents that had been provided by Gibraltar, the Trustee and his paralegal discovered a 2012 financial statement the Debtor had given to Gibraltar disclosing her

retirement account. [B Doc. 118 at 19]. The Trustee testified this was the first he learned of the account. [Id.].

At the July 24, 2013 meeting, the Trustee questioned the Debtor regarding her retirement account. The Debtor testified this was the first time she realized the account was not listed on her schedules. [B Doc. 95 at 4; see B Doc. 118 at 19]. Sometime thereafter, the Debtor authorized Ronald Blue to provide the Trustee with information on the account. The Trustee issued a subpoena for these documents. The Trustee did so not because the Debtor was being uncooperative or obstructionist, but for the protection of Ronald Blue. [B Doc. 95 at 4; B Doc. 118 at 24-25].

On October 7, 2013, the Debtor moved to amend her schedules to claim the retirement account as exempt. [B Doc. 55]. The Trustee objected. [B Doc. 89]. As noted above, the Bankruptcy Court allowed Debtor's motion to amend schedules to claim the retirement account exempt. [B Doc. 95]. This appeal followed. [See Doc. 1].

### III. STANDARD OF REVIEW

Section 158(a)(1) of Title 28 gives federal district courts jurisdiction to hear appeals "from final judgments, orders, and decrees" entered by bankruptcy courts. 28 U.S.C. § 158(a)(1). "Grant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding." In re

Brayshaw, 912 F.2d 1255, 1256 (10th Cir. 1990) (citations omitted). See also Matter of Brissette, 561 F.2d 779, 781 (9th Cir. 1977). "The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error." Campbell v. Hanover Ins. Co., 457 B.R. 452, 456 (W.D.N.C. 2011). See also In re Jenkins, 784 F.3d 230, 234 (4th Cir. 2015). The factual findings of the Bankruptcy Court are not disputed; therefore, this review is entirely *de novo*.

## IV. ANALYSIS

The Debtor seeks to amend her petition schedules to claim her retirement account as exempt property. She asserts that she failed to claim it in her schedules as a result of mistake. In North Carolina, exemptions are governed by state law rather than the exemption scheme of § 522(d) of the Bankruptcy Code. See N.C. Gen. Stat, § 1C-1601(a) & (f). As such, state law applies as to substance and for procedure.[3] In re Pinner, 146 B.R. 659, 660 (Bankr. E.D.N.C. 1992) (quotations marks and citations omitted); Law v. Siegel, 134 S.Ct. 1188, 1196-97 (2014) ("[W]hen a debtor claims a state-

---

[3] The Bankruptcy Court correctly noted that some courts have overlooked North Carolina's procedural requirements for amending exemptions and have instead relied on the general and liberal right to amend under Bankruptcy Rule 1009(a). [B Doc. 95 at 7, citing In re Burton, No. 08-0777-8, 2011 WL 5902611 (Bankr. E.D.N.C. Nov. 3, 2011); In re Dunn, No. 05-09708-8, 2010 WL 2721201 (Bankr. E.D.N.C. July 7, 2011); In re Man, 428 B.R. 644 (Bankr. M.D.N.C. Apr. 2, 2010)]. The Court need not address whether Rule 1009(a) applies in addition to the state law requirements in order to resolve the question presented here.

7

created exemption, the exemption's scope is determined by state law…."); In re Nguyen, 211 F.3d 105, 108 (4th Cir. 2000) ("Congress has opted for conformity with state procedure when bankruptcy exemptions are claimed under state law."). It is not disputed that the retirement account of the type at issue falls within the exemptions set out by North Carolina law. See N.C. Gen. Stat. § 1C-1601(a)(9); Kinlaw v. Harris, 364 N.C. 528, 531-32, 702 S.E.2d 294, 296-97 (2010).

On appeal, the Trustee asserts that the Bankruptcy Court erred in allowing the Debtor to amend her petition schedules to claim her retirement account as exempt property, which she had failed to do originally. Resolution of this question depends on the application of Sections 1C-1601(c) and 1C-1603(g) of the North Carolina General Statutes. Section 1C-1601(c)(3) allows a debtor relief from a waiver of an exemption on showing of mistake, surprise, or excusable neglect. It provides:

> (c) Waiver. – The exemptions provided in this Article cannot be waived except by:
> …
> (3) Failure to assert the exemption after notice to do so pursuant to G.S. 1C-1603. The clerk or district court judge may relieve such a waiver made by reason of mistake, surprise or excusable neglect, to the extent that the rights of innocent third parties are not affected.

N.C. Gen. Stat. § 1C-1601(c)(3). On the other hand, 1C-1603(g) allows a debtor to modify exemptions on a showing of substantial change in circumstances. It provides:

> (g) Modification. -- …Also, <u>the debtor's exemption may be modified upon a change of circumstances</u>, by motion in the original exemption proceeding, made by the debtor or anyone interested. A substantial change in value may constitute changed circumstances. Modification may include the substitution of different property for the exempt property.

N.C. Gen. Stat. § 1C-1603(g) (emphasis added). The Trustee argues, "[t]he bankruptcy court erroneously granted [the debtor's] Motion by applying the wrong legal standard, deciding that the Debtor was entitled to modify her exemption designation if she could show mistake, surprise or excusable neglect [under 1C-1601(c)]. However, in North Carolina, a debtor's claimed exemption may only be modified upon a showing of changed circumstances." [Doc. 5 at 8].

Sections 1C-1601(c)(3) and 1603(g), however, provide two alternative grounds for amending exemptions. If a debtor makes an error in claiming exemptions causing a waiver, she may amend per 1C-1601(c)(3). If there is a change in circumstances, even in the absence of an error or mistake, a debtor can amend exemptions per 1C-1603(g). There is nothing in the text of these statutes to indicate that a debtor must satisfy *both*.

9

In this case, the Debtor mistakenly failed to include the IRA in her petition schedules. The IRA is indisputably exempt. N.C. Gen. Stat. § 1601(a)(9). Therefore, the Trustee's argument that the Estate is entitled to the IRA funds is entirely dependent on his assertion that the Debtor waived her otherwise automatic exemption in the IRA. Section 1601(c)(3), however, makes clear that an erroneous waiver can be corrected by motion, provided no innocent third party is prejudiced. Therefore, the Bankruptcy Court correctly relied on 1C-1601(c) and found the Debtor proved her case for relief thereunder.[4]

---

[4] The Bankruptcy Court held:

> North Carolina "adheres to the long-standing principle that when two statutes arguably address the same issue, one in specific terms and the other generally, the specific statute controls." High Rock Lake Partners, LLC v. N.C. Dep't of Transp., 735 S.E.2d 300, 305 (N.C. 2012) (citation omitted). The statute that [the Trustee] relies upon addresses exemption modification generally. It makes no mention of debtor mistake. On the other hand, the North Carolina General Assembly specifically and unequivocally provided a remedy for when a debtor fails to claim an exemption due to "mistake, surprise or excusable neglect." N.C.G.S. § 1C-1601(c)(3). Meaning, in cases of mistake, such as here, the more specific statute controls, and a showing of changed circumstances is not necessary.

[B Doc. 95 at 10-11]. In short, the Bankruptcy Court held the more "specific" 1C-1601(c)(3) governed the Debtor's right to amendment of her exemptions because she was able to show mistake and, therefore, it was unnecessary to require that she show a change in circumstances under the more "general" 1C-1603(g). [See B Doc. 95 at 12]. More specifically, a plain reading of these provisions shows these two provisions to be two alternate and independent grounds for relief.

The Trustee relies on two cases in support of his argument on appeal: Brock and Scott Holdings, Inc. v. Stones, Inc. v. Stone, 203 N.C. App. 135, 691 S.E.2d 37 (2010), and Taylor v. Caillaud, No. 3:15-cv-00206, 2015 WL 7738391 (W.D.N.C. 2015) (Mullen, J.). Both of these cases, however, address only the construction of 1C-1603(g). They do not address the question of whether 1C-1601(c) provides an alternate basis for allowing amendment in the case of a waiver resulting from an error. As such, these cases lend no support to the Trustee's position.

The Debtor, on the other hand, presents two cases that stand for the proposition that a waiver of an exemption can be cured pursuant to 1C-1601(c) without any showing of changed circumstances: In re Laughinghouse, 44 B.R. 789 (Bankr. E.D.N.C. 1984), and In re McLamb, 93 B.R. 72 (Bankr. E.D.N.C. 1988). In In re Laughinghouse, the Bankruptcy Court granted the debtor relief from a prepetition procedural waiver of exemptions without any showing of changed circumstances where the debtor showed excusable neglect under 1C-1601(c)(3). 44 B.R. at 793. In In re McLamb, the Bankruptcy Court recognized In re Laughinghouse, but found the facts before it insufficient to support a similar finding of excusable neglect and, therefore, declined to grant relief under 1C-1603(c)(3). In re McLamb, 93 B.R. at 76. The holdings of Laughinghouse and McLamb have

not been altered by the decision of the North Carolina Court of Appeals in Household Finance Co. v. Ellis, 107 N.C. App. 262, 267, 419 S.E.2d 592, 595 (1992) ("[T]he statute requires that no execution be issued until a Notice to Designate Exemptions has been served and any waiver applies only to the particular execution issued."). Following Ellis, the Bankruptcy Court, in In re Pinner, held that any waiver of an exemption that may have occurred, for instance, in a state proceeding, does not carry over to bankruptcy proceedings. In re Pinner, 146 B.R. 659, 660-61 (Bankr. E.D.N.C. 1992). Thus, a debtor can amend her exemptions as a matter of right for any new proceedings without showing any change in circumstance. See id at 661. As such, after Ellis and In re Pinner the law remains that a debtor can amend her petition under 1C-1601(c)(3) without a showing of changed circumstances.

For these reasons, the Bankruptcy Court correctly allowed the Debtor to amend her petition schedules to claim her retirement account as exempt property under 1C-1601(c) without a showing of changed circumstances. The Order of the Bankruptcy Court is, therefore, affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Bankruptcy Court's April 8, 2016 Order Conditionally Allowing Debtor to Amend Schedules is hereby **AFFIRMED**.

**IT IS ORDERED.**

Signed: August 1, 2017

Martin Reidinger
United States District Judge